IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE M. ROWANN,<br>    Plaintiff | )<br>)<br>) | C.A. No. 16-28 Erie |
| v. | )<br>) | District Judge Rothstein<br>Magistrate Judge Baxter |
| COMMON PLEAS COURT OF ERIE<br>COUNTY FOR THE SIXTH DISTRICT<br>OF PENNSYLVANIA,<br>    Defendant. | )<br>)<br>)<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**	**RECOMMENDATION**

It is respectfully recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(1) of the Prison Litigation Reform Act.

**II.**	**REPORT**

    **A.**	**Relevant Procedural and Factual History**

On February 4, 2016, Plaintiff George Rowann filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Common Pleas Court of Erie County for the Sixth District of Pennsylvania ("Erie County Court"). Plaintiff claims that his Fourteenth Amendment due process rights have been violated by the Erie County Court because he allegedly received an excessive sentence. As relief for his claims, Plaintiff seeks a declaratory judgment.

    **B.**	**Standards of Review**

        **1.**	**Proceedings *in forma pauperis* under 28 U.S.C. § 1915**

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step

1

process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether he is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx .90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx. 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)."). Here, Plaintiff has been granted *in forma pauperis* status [ECF No. 2].

28 U.S.C. §1915(e)(2), as amended, states in relevant part: " [t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

### 2. *Pro Se* Pleadings

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v.

Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Discussion

Plaintiff's claims in this matter are brought pursuant to 42 U.S.C. § 1983. As an agency or arm of the Commonwealth of Pennsylvania, Defendant Erie County Court is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Moreover, Plaintiff seeks declaratory relief in the form of an order that would declare his sentence invalid and conceivably result in his release from imprisonment. However, the Supreme Court has held that when a state prisoner, though asserting jurisdiction under Section 1983, "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Accordingly, Plaintiff's claims against Defendant Erie County Court are without merit and should be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(1) of the Prison Litigation Reform Act.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: July 15, 2016

cc: The Honorable Barbara Rothstein
United States District Judge