# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE M. ROWANN, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 1:16-cv-00028-BR-SPB |
| ) | |
| *v.* ) | **MEMORANDUM ORDER** |
| ) | **ADOPTING REPORT AND** |
| COMMON PLEAS COURT OF ERIE ) | **RECOMMENDATION** |
| COUNTY FOR THE SIXTH DISTRICT ) | |
| OF PENNSYLVANIA, ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |

## I. INTRODUCTION

Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter. After reviewing the Report and Recommendation, Plaintiff's Objections, and the record, the Court ADOPTS the Report and Recommendation. The Court's reasoning follows.

## II. BACKGROUND

On February 25, 2016, Plaintiff George M. Rowann filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Common Pleas Court of Erie County for the Sixth District of Pennsylvania, ("Erie County Court"). (Doc. No. 3). Plaintiff seeks to "appeal his harsh and cruel sentence." (*Id.* ¶ 4).

On July 15, 2016, Magistrate Judge Baxter issued the Report and Recommendation, concluding that Plaintiff's action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2012). Section 1915(e)(2)(B)(i) provides that a court shall dismiss a case "at any time if the court determines that . . . the action or appeal is frivolous or malicious." "To be

1

dismissed as frivolous, the complaint must lack an arguable factual or legal basis." *See Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

In the Report and Recommendation, Magistrate Judge Baxter concluded that Plaintiff's complaint should be dismissed as frivolous for two reasons. First, Defendant Erie County Court is not a "person" subject to suit under 42 U.S.C. § 1983, and second, Plaintiff inappropriately challenges the duration of his sentence through 42 U.S.C. § 1983, rather than a writ of habeas corpus. (Doc. No. 29, at 4). On July 28, 2016, Plaintiff filed Objections to the Report and Recommendation. (Doc. No. 33).

### III. DISCUSSION

When a party files objections, the district court must review *de novo* those aspects of the Report and Recommendation to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C) (2012); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980). The district court may accept, reject, or modify the Report and Recommendation. § 636(b)(1)(C).

**A. Defendant is not a "person" subject to suit under 42 U.S.C. § 1983.**

42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Magistrate Judge Baxter recommended that Plaintiff's § 1983 claim be dismissed because Defendant Erie County Court is not a "person" subject to suit under 42 U.S.C. § 1983. (Doc. No. 29, at 4). In response to this finding, Plaintiff argues that Defendant is a local government entity, and thus subject to suit under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Doc. No. 33, ¶¶ 3-4). Plaintiff is incorrect. It is well established that the Court of Common Pleas is not

a person subject to suit under 42 U.S.C. § 1983. *Shallow v. Rogers*, 201 F. App'x 901, 904 (3d Cir. 2006) (citing *Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000)). Accordingly, Plaintiff's objection is overruled.

### B. Plaintiff's sole federal remedy is a writ of habeas corpus.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Magistrate Judge Baxter determined that Plaintiff inappropriately sought "declaratory relief in the form of an order that would declare his sentence invalid and conceivably result in his release from imprisonment." (Doc. No. 29, at 4).

In response to this finding, Plaintiff states two objections. The first objection states:

> To dismiss would deny Plaintiff's right of a declaratory judgment (§ 2201) for ascertainment of due process in the opportunity given a chance to amend, *Wilson v. Rackmill*, 878 F.2d 774-75 (3d Cir. 1989), where wrong is.

(Doc. No. 33, ¶ 1). The second objection states as follows:

> To dismiss this action on grounds upon Magistrate's speculation that Plaintiff's declaratory judgment is to receive relief on Plaintiff's cruel and harsh sentence is ill advised and canard (sic) on its face as a declaratory judgment does 'NOT' order anything to be done rather what it (§ 2201) does gives a binding legal relation whether further 'RELIEF' could be sought where federal regulations 'carry force of law' and forms the basis of § 1983. See *Alexander v. Polk*, 750 F.2d 250, 259 (3d Cir. 1984).

(*Id.* ¶ 5). Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff simply seeks to challenge the duration of his physical imprisonment. This he cannot do under 42 U.S.C. § 1983. Plaintiff's objections are overruled.

3

## IV.   CONCLUSION

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Baxter is adopted as the opinion of the Court, and Plaintiff's action seeking declaratory judgment is denied.

**IT IS SO ORDERED.**

Dated: November 21, 2016

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE